**UNITED STATES of America,**
**Appellee,**

v.

**Christopher GRAY, Defendant–**
**Appellant.**

**No. 07–3636–cr.**

United States Court of Appeals,
Second Circuit.

July 25, 2008.

---

Reed Michael Brodsky, Assistant United States Attorney, (Jesse M. Furman, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Brook E. Carey, (Patrick J. Smith, Corey E. Delaney, on the brief), Thacher Proffitt & Wood LLP, New York, NY, for Appellant.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Defendant–Appellant Christopher Gray appeals from a judgment of conviction for possession of multiple firearms and ammunition in violation of 18 U.S.C. § 922(g)(1), entered in the United States District Court for the Southern District of New

York (Jones, J.) on August 16, 2007. Additionally, Gray challenges his sentence of 46 months' imprisonment on each count, to be served concurrently, and three years' supervised release.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal.

On appeal, Gray argues that (1) the officers' entry into the hallway, which preceded the search that produced the firearms and ammunition, violated the Fourth Amendment because it was a warrantless, forcible entry that lacked exigent circumstances; (2) the "taint of the initial" entry had not dissipated before the officers requested Gray's consent to search his apartment; and (3) Gray's consent was coerced based on the number of officers present and their demonstrated willingness to use force.

"Although we review de novo the legal issues presented by a motion to suppress, we accept the district court's factual findings unless clearly erroneous, and we view those facts in the light most favorable to the government." United States v. Casado, 303 F.3d 440, 443 (2d Cir.2002). Mixed questions of fact and law are subject to de novo review. See United States v. Moore, 968 F.2d 216, 221 (2d Cir.1992).

"If [an] inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant Clause." Illinois v. Andreas, 463 U.S. 765, 771, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983). "The expectation of privacy against warrantless felony arrests ... will be violated only if the place is one that the defendant has the right to keep private

---

1. The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

2. Gray's appeal of his sentence under U.S.S.G. § 2K2.1(a)(3) is resolved in a separate opinion filed at the same time as this order. That opinion explains that the sentence must be vacated and the case remanded to the district court for resentencing.

and subject to his exclusive control." *United States v. Holland,* 755 F.2d 253, 255 (2d Cir.1985). As a result, this Court has consistently held that "common halls and lobbies of multi-tenant buildings are not within an individual tenant's zone of privacy." *Id.; see also United States v. Fields,* 113 F.3d 313, 321–22 (2d Cir.1997) (holding that there is no expectation of privacy in a common side yard).[3]

■ Based on the *Holland* formulation, Gray did not have a privacy interest in the hallway because it was not subject to his exclusive control. The record indicates that Gray and his neighbor shared the hallway and both stored items in the common area. Moreover, their landlady also had access to the basement and entered the hallway in order to check on the boiler room. Because Gray did not have a legitimate expectation of privacy in the hallway, the officers' hallway entry did not violate Gray's Fourth Amendment right.

Gray further argues that the taint of the police officers' initial unlawful entry did not dissipate, making the subsequent search of his apartment illegal. In order for this Court to examine whether the taint of the initial entry dissipated, we must first find that the hallway entry violated the Fourth Amendment. *See United States v. Snype,* 441 F.3d 119, 132 (2d Cir.2006). Because we have determined that the initial entry did not violate Gray's Fourth Amendment right, this argument is without merit.

Finally, Gray argues that based on the number of officers on the scene and their willingness to use force by breaking and entering through a closed window, the district court erred in finding that Gray voluntarily consented to the search of his apartment. "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *See Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). "This Court will not overturn a district court's determination that there was voluntary consent to a search unless that determination was based on clearly erroneous findings of fact." *United States v. Ansaldi,* 372 F.3d 118, 129 (2d Cir.2004). In finding that Gray's consent was voluntary, the district court credited the officers' testimony that Gray allowed them to enter his apartment, "that no weapons were drawn and that the tone of the entire encounter was 'calm,' 'cooperative,' 'conversational' and 'relaxed.'" Weighing this evidence against Gray's account of the events, the district court concluded that "the preponderance of the evidence indicates that the officers properly obtained Gray's consent to their entry."

■ On appeal, Gray does not challenge the district court's credibility determinations. Instead, he claims that as a matter of law the objective facts of the situation require a finding of no consent. In *Ansaldi,* this Court found that the defendant consented to a search even though, prior to his consent, he was arrested by five or six officers, who had previously pulled their guns and placed the defendant in handcuffs. *Ansaldi,* 372 F.3d at 129. Ad-

---

3. Gray relies on *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), to argue that a forcible, warrantless entry into a common area, absent exigent circumstances, is an unreasonable violation of the Fourth Amendment. However, the Court in *McDonald* did not hold that the initial entry into another part of the tenant's building itself violated the defendant's Fourth Amendment right, but found that the warrantless search of the tenant's apartment was not justified by exigent circumstances. *Id.* at 455, 69 S.Ct. 191. Here, the entry into Gray's apartment was lawful because of his consent.

ditionally, in *United States v. Ceballos*, 812 F.2d 42, 46, 51 (2d Cir.1987), the police forcibly arrested the defendant, prior to his consent. This Court found that "[n]onetheless, the totality of the circumstances suggest that [the defendant's] consent to search and his confession were voluntarily given." *Id.* Accordingly, the evidence here is insufficient to conclude that Gray's consent was coerced as a matter of law.

For the foregoing reasons, the judgment of conviction of the district court is AFFIRMED, the sentence is VACATED, and the case is REMANDED to the district court for resentencing.